[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 23, 1996 Date of Application December 23, 1996 Date Application Filed December 27, 1996 Date of Decision October 27, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. CT Page 13735
Docket No. CR 95-474852
William B. Collins, Esq., Defense Counsel, for Petitioner.
Carl E. Taylor, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
Following a trial by jury, the then 30 year old petitioner was convicted of the crimes of Murder (§ 53a-54a(a); Carrying a Pistol without a permit (§ 29-35); and Altering or Removing an identification mark on a pistol (§ 29-36). He was then sentenced to a term of 60 years for the murder and concurrent 5 year terms on weapons counts, for a total effective sentence of 60 years.
The underlying facts for the conviction are as follows:
On December 20, 1993, the defendant, along with Casey Wilcox, Andre Shirley and Corey Rosemond, were selling crack cocaine in the area of Wilcox's residence at 88 Atwood Street in Hartford. The victim Moses Barber Jr., a regular customer, purchased drugs from the defendant. After making his purchase, he walked away. The victim later returned to Wilcox's porch and engaged in an argument with the defendant concerning the drug sale. The victim and the defendant left the porch and the defendant proceeded up a dark driveway between two buildings directly across the street form Wilcox's residence. The victim remained near the street. As they continued to argue, the defendant approached the victim and shot him. The victim died later that night as a result of a gunshot wound to his abdomen.
On December 21, 1993, Wilcox asked the defendant for his guns for the purpose of threatening an individual who had accused Wilcox of shooting the victim. The defendant went into the basement of a house on Atwood Street and emerged with a handgun and rifle, which he gave to Wilcox. Wilcox, in turn, gave the CT Page 13736 weapons to Rosemond and instructed Rosemond to put the weapons in the trunk of a vehicle parked behind Wilcox's residence. The next morning, Hartford police officers, armed with a search warrant, seized the weapons from the trunk of the vehicle and, thereafter learned that the defendant did not have a permit to carry a pistol or revolver. Moreover, the police officers found that the serial number on the pistol had been ground off
Thereafter, Wilcox, Shirley and Rosemond gave statements implicating the defendant in the murder, and a warrant was issued on December 23, 1993, for the defendant's arrest The defendant was arrested in New York in June, 1995. See State v. Francis,246 Conn. 339 (1998).
The third count (altering an identification mark on a pistol) was reversed on appeal, however the total effective sentence remains at 60 years for the remaining two counts.
Petitioner's counsel argues that the maximum sentence is unnecessarily long given the character of the petitioner which he claims is not so antisocial that a 60 year sentence is necessary.
The petitioner has three children and in his remarks to the Division states that his children need his presence in their lives. It is noteworthy that the presentence report indicates the whereabouts of the children and their mother are unknown although they probably reside somewhere in New Jersey. The petitioner is not married to the mother and they have been separated since 1991.
The state's attorney argues that this was a heinous crime and that the petitioner's criminal record which shows his violent nature indicates a lengthy sentence is appropriate to protect people in the community.
The petitioner has not taken responsibility for his crime and claims he did not receive a fair trial. His record includes two convictions for possession of controlled substances, two convictions for assault 3rd degree and a breach of peace.
The petitioner, a narcotics dealer, murdered a customer after verbally sparring over a bag of cocaine. He then fled Connecticut and was eventually caught in New York. His behavior clearly indicates his predilection to violence and his antisocial life style. As the Court noted, the petitioner has little regard for CT Page 13737 human life and is capable of callously taking someone's life.
The Division operates pursuant to the authority of § 43-28 of the Practice Book. Reviewing this sentence pursuant to those provisions, the Division concludes it is appropriate and not disproportionate.
Therefore, the sentence is affirmed.
Klaczak, Norko and O'Keefe, J.s participated in this decision.